UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY R. TURNER,

        Plaintiff,

   v.

KATHLEEN ALLISON, et al.,

        Defendants.

Case No. 18-cv-02061-YGR (PR)

**ORDER OF DISMISSAL**

On March 19, 2018, Plaintiff, a state prisoner currently incarcerated at California State Prison – Corcoran ("CSP-Corcoran"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Dkt. 1. The operative complaint is the amended complaint, in which Plaintiff seeks damages for alleged civil rights violations stemming from his previous incarceration at Salinas Valley State Prison ("SVSP"). Dkt. 10.

Plaintiff has filed requests for leave to proceed *in forma pauperis* ("IFP"). Dkts. 9, 12. Plaintiff has also filed three other motions entitled as follows: "Motion for Magistrate Review on Consent for Judge's Review for Jurisdiction" (dkt. 15), "Motion for (Freedom of Information Act) Request for Copy of Endorsed Filed Civil Complaint and Exhibit Evidence" (dkt. 22); and "Motion for Preliminary Injunction and/or Permanant [sic] Injunction" (dkt. 23).

On August 10, 2018, in its Order to Show Cause, the Court found Plaintiff had "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," and further found Plaintiff was not "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Consequently, the Court ordered Plaintiff to show cause why the action should not be dismissed pursuant to 28 U.S.C. § 1915 (g). *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

On September 13, 2018, Plaintiff filed his response to the Order to Show Cause wherein he seems to contest the Court's finding that he is not "under imminent danger of serious physical injury" within the meaning of section 1915(g). Dkt. 19.

The plain language of the imminent danger clause in section 1915(g) indicates that "imminent danger" is to be assessed at the time of filing, not at the time of the alleged constitutional violations. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). "Imminent danger" may include an ongoing danger of serious physical injury. *See Ashley*, 147 F.3d at 717 (holding that plaintiff sufficiently alleged ongoing danger where he had repeatedly been housed near enemies, despite his protests, and where he filed his complaint very shortly after being attacked by an enemy); *cf. Abdul-Akbar*, 239 F.3d at 315 n.1 (while declining to reach question of whether "imminent danger" encompasses an ongoing danger of serious physical injury, noting that the plaintiff's allegations of past acts of physical harassment were not sufficiently specific or related to support an inference of an ongoing danger); *Medberry*, 185 F.3d at 1193 (finding no ongoing danger where plaintiff had been placed in administrative segregation following physical assaults by fellow inmates and before he filed his complaint).

A district court should liberally construe the allegations in a complaint filed by a *pro se* prisoner facing a section 1915(g) bar, construing all allegations in favor of the complainant and crediting those allegations of "imminent danger" that have gone unchallenged. *See McAlphin v. Toney*, 281 F.3d 709, 710-11 (8th Cir 2002) (liberally construing allegations in complaint for initial determination of whether prisoner is in "imminent danger of serious physical injury"); *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998) (same). Plaintiff has the burden of proving that he was in imminent danger of serious physical injury at the time he filed the instant action.

Here, the Court notes that Plaintiff's twenty-seven-page, single-spaced handwritten response is difficult to decipher as it is disorganized and filled with challenges to his conditions of confinement during various time periods of his incarceration at different prisons (CSP-Corcoran, California Medical Facility, Deuel Vocational Institution ("DVI"), SVSP, Kern Valley State Prison) from 2010 through 2018, including his various periods of hospitalization at medical facilities at these prisons. *See id.* Importantly, Plaintiff does not contest that the dismissals cited in the Order to Show Cause fall within the definition of section 1915(g). As mentioned, he does appear to be arguing that he should be allowed to proceed IFP because he is in "imminent danger,"

1  *see* 28 U.S.C. § 1915(g) (providing for "imminent danger" exception), insofar as he alleges that he

2  has suffered excessive force by prison officials at DVI in June of 2010 and also at CSP-Corcoran

3  in October of 2012.  None of these alleged incidents of excessive force occurred at the prisons

4  where Plaintiff was incarcerated at the time he filed his complaint (California Men's Colony) and

5  his amended complaint (California State Prison – Los Angeles County).  From what the Court can

6  decipher from his response, the Court finds that Plaintiff has not otherwise shown that he was in

7  imminent danger of serious physical injury or subject to an "ongoing danger" at the time he filed

8  either his complaint or amended complaint.  *See Abdul-Akbar*, 239 F.3d at 312.  Consequently, the

9  Court finds that Plaintiff has not shown cause why this case should not be dismissed and IFP

10  should not be denied under Section 1915(g).

11  In sum, Plaintiff was given the opportunity to be heard on the question of whether the

12  instant action is subject to dismissal under section 1915(g), *see Andrews*, 398 F.3d at 1120-21, and

13  his response to the Court's Order to Show Cause fails to establish that section 1915(g) does not

14  apply.

15  Accordingly, this action is hereby DISMISSED without prejudice to Plaintiff's refiling his

16  claims in a new case in which he pays the filing fee, and the amended complaint, filed May 11,

17  2018 (dkt. 10), is hereby STRICKEN.  Plaintiff's requests to proceed IFP are DENIED.  Dkt. 9,

18  12.

19  The Clerk of the Court shall terminate all other pending motions as moot (dkts. 15, 22, 23)

20  and close the file.

21  This Order terminates Docket No. 9, 12, 15, 22, and 23.

22  IT IS SO ORDERED.

23  Dated: March 15, 2019

24  _____

25  YVONNE GONZALEZ ROGERS
United States District Judge

26

27

28