UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY R. TURNER,

    Plaintiff,

    v.

KATHLEEN ALLISON, et al.,

    Defendants.

Case No. 18-cv-02061-YGR (PR)

**ORDER DENYING MOTION FOR RECONSIDERATION**

On March 19, 2018, Plaintiff, a state prisoner currently incarcerated at Salinas Valley State Prison ("SVSP"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Dkt. 1. The operative complaint was the amended complaint, in which Plaintiff sought damages for alleged civil rights violations stemming from his incarceration at SVSP. Dkt. 10.

On August 10, 2018, in its Order to Show Cause, the Court found Plaintiff had "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," and further found Plaintiff was not "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Consequently, the Court ordered Plaintiff to show cause why the action should not be dismissed pursuant to 28 U.S.C. § 1915 (g). *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

On September 13, 2018, Plaintiff filed his response to the Order to Show Cause wherein he seemed to contest the Court's finding that he is not "under imminent danger of serious physical injury" within the meaning of section 1915(g). Dkt. 19.

On March 15, 2019, the Court determined that Plaintiff had not shown cause why this case should not be dismissed and IFP should not be denied under Section 1915(g), stating as follows:

> Here, the Court notes that Plaintiff's twenty-seven-page, single-spaced handwritten response is difficult to decipher as it is disorganized and filled with challenges to his conditions of confinement during various time periods of his incarceration at different prisons ([California State Prison]-Corcoran, California Medical Facility, Deuel Vocational Institution ("DVI"), SVSP, Kern Valley State Prison) from 2010 through 2018, including his various

> periods of hospitalization at medical facilities at these prisons. *See id.* Importantly, Plaintiff does not contest that the dismissals cited in the Order to Show Cause fall within the definition of section 1915(g). As mentioned, he does appear to be arguing that he should be allowed to proceed IFP because he is in "imminent danger," *see* 28 U.S.C. § 1915(g) (providing for "imminent danger" exception), insofar as he alleges that he has suffered excessive force by prison officials at DVI in June of 2010 and also at CSP-Corcoran in October of 2012. None of these alleged incidents of excessive force occurred at the prisons where Plaintiff was incarcerated at the time he filed his complaint (California Men's Colony) and his amended complaint (California State Prison-Los Angeles County). From what the Court can decipher from his response, the Court finds that Plaintiff has not otherwise shown that he was in imminent danger of serious physical injury or subject to an "ongoing danger" at the time he filed either his complaint or amended complaint. *See Abdul-Akbar*, 239 F.3d at 312. Consequently, the Court finds that Plaintiff has not shown cause why this case should not be dismissed and IFP should not be denied under Section 1915(g).
>
> In sum, Plaintiff was given the opportunity to be heard on the question of whether the instant action is subject to dismissal under section 1915(g), *see Andrews*, 398 F.3d at 1120-21, and his response to the Court's Order to Show Cause fails to establish that section 1915(g) does not apply.
>
> Accordingly, this action is hereby DISMISSED without prejudice to Plaintiff's refiling his claims in a new case in which he pays the filing fee, and the amended complaint, filed May 11, 2018 (dkt. 10), is hereby STRICKEN. Plaintiff's requests to proceed IFP are DENIED. Dkt. 9, 12.

Dkt. 24 at 2-3. Thus, in its March 15, 2019 Order, the Court dismissed the action without prejudice to bringing in a paid complaint and issued judgment. Dkts. 24, 25.

On April 16, 2019, Plaintiff filed a notice to appeal. Dkt. 28.

On April 29, 2019, Plaintiff filed a motion entitled, "Motion to Vacate Judgment [Pursuant to] F.R.C.P. section 59(e) and Request for Complaint and Record Excerpts and Exhibits Filed Therewith for Appeal Briefing." Dkt. 31. Because Plaintiff has already filed his appeal, his request for copies of the complaint and exhibits is DENIED as moot. Dkt. 31. Thus, the Court will address his motion to vacate judgment, which is construed as a motion for reconsideration.

Where the Court's ruling has resulted in a final judgment or order, as here, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. Because Plaintiff's motion was not filed within ten days of entry of judgment, as is required for a Rule

2

59(e) motion, it will be treated as a Rule 60(b) motion.

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the Court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "Rule 60(b) [] provides a mechanism for parties to seek relief from a judgment when 'it is no longer equitable that the judgment should have prospective application,' or when there is any other reason justifying relief from judgment." *Jeff D. v. Kempthorne*, 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)).

Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary. Mere dissatisfaction with the Court's order, or belief that the Court is wrong in its decision, are not grounds for relief under subparagraph (6) or any other provision of Rule 60(b). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)).

The Court finds nothing in Plaintiff's allegations in his motion for reconsideration that merits reconsideration. In his two-paged motion for reconsideration, Plaintiff does not elaborate on any reasons for reconsideration, and instead he states he relies on the "moving papers" previously filed in this matter, which the Court has already considered. Dkt. 31 at 2. Thus, the Court finds that Plaintiff's allegations present no grounds that warrant reconsideration. Therefore, the Court reaffirms its dismissal of his action pursuant to section 1915(g). Accordingly, his motion for reconsideration is DENIED. Dkt. 31.

This Order terminates Docket No. 31.

IT IS SO ORDERED.

Dated: December 27, 2019

YVONNE GONZALEZ ROGERS
United States District Judge